IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JIAN CHUN SHI,                          :
                                        :
         Plaintiff,                     :    CIVIL ACTION
                                        :
    v.                                  :    No. 09-cv-4608
                                        :
JANET NAPOLITANO, et al.,               :
                                        :
         Defendants.                    :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **December 2, 2009**

This case is now before the Court on Plaintiff's Petition for Writ of Mandamus (Doc. No. 1). For the reasons set forth below, Plaintiff's requests for mandamus and APA relief are denied, and we will not rule on Plaintiff's request for a declaratory judgment at this time.

**Factual Background**

Plaintiff, Jian Chun Shi, brings this Petition requesting relief against Defendants for their failure to adjudicate his INA I-485 Application for Adjustment of Status. Plaintiff brings this claim against Secretary of Homeland Security Janet Napolitano, Alejandro Mayorkas, Director of the U.S. Citizenship & Immigration Services, and Field Director Karen Fitzgerald of U.S. Citizenship and Immigration Services. He seeks mandamus relief, judicial review of agency action pursuant to the Administrative Procedure Act, and a declaratory judgment.

1

Plaintiff, a native and citizen of the People's Republic of China, was paroled into the United States on March 12, 1995. He was subsequently placed in exclusion proceedings, where he was denied asylum into the United States and ordered excluded on October 27, 1995. Plaintiff's appeal to the Board of Immigration was subsequently denied on December 5, 1996.

On November 12, 2006, Plaintiff married a U.S. citizen and on the same day filed an Application for Adjustment of Status (Form I-485) concurrently with a Petition for Alien Relative (Form I-130), seeking to adjust his status to that of a lawful permanent resident. The Philadelphia office of U.S. Citizenship and Immigration Services ("CIS") conducted an interview on July 10, 2007. Plaintiff alleges that, to date, CIS has neither taken any further action on his application nor provided Plaintiff with a substantive response to his inquiries regarding the application. In response to Plaintiff's most recent request for information, CIS sent a form letter, dated May 11, 2009, indicating only that the request for information had been forwarded to the local CIS office.

Because Plaintiff has already been ordered excluded and is not currently in the country on a lawful visa, he is not one of the class of individuals who are generally eligible to adjust their status to permanent residents. Plaintiff submits, however, that he is eligible under an exception to this rule for those who

have entered a marriage prior to a final order of removal. On July 28, 2009, Plaintiff requested this bona fide marriage exception and submitted supporting documentation to prove his eligibility. This documentation includes proof that Plaintiff and his wife share a daughter, Kaya, born on July 14, 2005, have consistently filed their taxes jointly since their marriage, and have commingled their lives together.

Plaintiff filed this case on October 7, 2009. Along with his Petition, Plaintiff filed a Certificate of Service that stated that the Petition had been served on the U.S. Attorney's Office in Philadelphia as well as Defendant Fitzgerald. None of the Defendants has filed a Response.

## **Standard**

Plaintiff alleges that jurisdiction is proper under the mandamus statute, 28 U.S.C. § 1361. The common law writ of mandamus is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant has a clear, nondiscretionary duty to act. Heckler v. Ringer, 466 U.S. 602, 616 (1984). The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. Will v. United States, 389 U.S. 90, 95-96 (1967). The party seeking the issuance of the writ has the burden of demonstrating that no other adequate means are available to obtain the relief desired, Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980), and that the right to the

3

issuance of the writ is "clear and indisputable." <u>Banker's Life & Cas. Co. v. Holland</u>, 346 U.S. 379, 384 (1953). The decision to issue the writ is largely within the discretion of the court to which the petition is addressed. <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394, 403 (1976).

Plaintiff also contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 to review agency action or inaction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 201 <u>et seq.</u> Federal question jurisdiction serves as the basis for federal court review of agency action when a plaintiff brings claims under the APA. <u>Califano v. Sanders</u>, 430 U.S. 99, 105 (1977); <u>Yeboah v. Dep't of Justice</u>, 345 F.3d 216, 220 (3d Cir. 2003). As with the mandamus petition, a plaintiff must show that the defendant has a nondiscretionary duty to act in order to receive relief under the APA. 5 U.S.C. § 706(1); <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 63 & n.1 (2004). The duty owed must be "a legal duty which is a specific, plain ministerial act 'devoid of the exercise of judgment or discretion.'" <u>Harmon Cove Condo. Ass'n v. Marsh</u>, 815 F.2d 949, 951 (3d Cir. 1987) (quoting <u>Richardson v. United States</u>, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), <u>rev'd on other grounds</u>, 418 U.S. 166 (1974)). Further, an act is ministerial only "when its performance is positively commanded and so plainly prescribed as to be free from doubt." <u>Id.</u> If an agency fails to perform a nondiscretionary,

ministerial duty, the court is empowered to "compel agency action" if it is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Finally, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2101-02. A court "may declare the rights and other legal relations of any interested party seeking such declaration" pursuant to § 2101. Importantly, however, it is largely within the discretion of the court whether to hear the claim for a declaratory judgment. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). In addition, § 2102 allows a court to grant any further relief necessary and appropriate after it has determined the rights and statuses of the parties by way of a declaratory judgment.

## Discussion

**Service**

As an initial matter, it is not clear that Defendants have been properly served. Federal Rule of Civil Procedure 4(I) sets forth the proper way to serve an Agency or Officer of the United States. Rule (4)(i)(2) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." In order to serve the United States, Rule

5

4(i)(1) requires that the summons be sent to the U.S. Attorney for the district where the action is brought as well as the Attorney General of the United States.  In the present case, there has been no proof of service or waiver of service filed to show that Defendants Napolitano or Mayorkas were served, nor is there any indication that the U.S. Attorney General has been sent a copy of the summons.

Pursuant to Federal Rule of Civil Procedure 4(m), however, Plaintiff has 120 days from the commencement of the action to serve Defendants.  Any defect in service, therefore, does not provide grounds to dismiss Plaintiff's Petition until February 4, 2010.  Given the nature of Plaintiff's Petition, however, this Court does not consider it just or efficient to wait 120 days before responding to Plaintiff's request for relief.  Plaintiff looks to this Court for redress as he has been unable to receive any response from Defendants for over two years.  For this Court to sit on Plaintiff's petition for an additional four months, waiting for the period for service to expire, would only add to any injury suffered by Plaintiff.  We, therefore, will consider Plaintiff's petition to the extent that we are able without proof of service, and will await proof of service before we proceed to address the remainder of Plaintiff's Petition.

**Mandamus and APA Relief**

As a matter of law, Plaintiff is currently entitled to

neither mandamus nor APA relief.  Therefore, we think it best to address the merits of these claims at this time, as Defendants will not be prejudiced if they, in fact, have not been served, and Plaintiff can receive at least some response to his filing.

Given that Plaintiff's right to both mandamus relief and an APA remedy depend on whether he is owed a nondiscretionary duty, we begin with this determination.  Plaintiff argues that Defendants owe him a nondiscretionary duty both to adjudicate and to grant his adjustment-of-status application.  Looking first at whether Defendants had a nondiscretionary duty to grant Plaintiff's application, Plaintiff claims that he is eligible to adjust his status to a lawful permanent resident under 8 U.S.C. § 1255(a) once the Petition for Alien Relative filed by his U.S.-citizen wife is approved.  In order to receive an adjustment, the applicant must (1) apply for such an adjustment, (2) be eligible to receive an immigrant visa and be admissible to the United States for permanent residence, and (3) have immediate access to an immigrant visa at the time that the application is filed.  8 U.S.C. § 1255(a).  The ultimate outcome, however, is explicitly within the discretion of the Attorney General as the statute states that the application "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe."  Id.  It cannot be said, therefore, that Defendants owed a nondiscretionary duty to grant Plaintiff's application.

Plaintiff also contends, however, that Defendants owe him a nondiscretionary duty to process his adjustment-of-status application within a reasonable period of time. Although the decision whether to grant or deny an adjustment of status is discretionary, the duty to act within a reasonable amount of time is not. See Norton, 542 U.S. at 65 (undertaking a similar analysis in a case seeking to compel action by the Secretary of the Interior). The APA specifies that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Where the plaintiff is challenging a delay in agency action, he, therefore, must show that the delay is unreasonable. Norton, 542 U.S. at 63 & n.1; see also 5 U.S.C. § 555(b) (requiring a reviewing court to determine whether an agency's delay has been "unlawfully withheld or unreasonably delayed"). CIS, therefore, has a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status within a reasonable amount of time, regardless of the decision that it reaches.

Having established that CIS has a nondiscretionary duty to resolve Plaintiff's application, we now turn to whether it would be appropriate to grant mandamus relief. Plaintiff has not convinced this Court that it should exercise its discretion to grant the extraordinary relief of a writ of mandamus in the present circumstances. First, Plaintiff is certainly aware that

8

this country's immigration procedures can take a great deal of time. Indeed, Plaintiff has remained in the United States for thirteen years without being removed following his exclusion in 1995 and the denial of his appeal in 1996. In addition, although Plaintiff points to the three-year period without adjudication between his filing for an adjustment of status and the commencement of the present action, it was only in the past six months that Plaintiff filed the proper paperwork that would potentially allow his application to be granted. Had Defendants reached Plaintiff's application before this time, it almost certainly would have been denied. Plaintiff, therefore, has benefitted on two separate occasions from the slow workings of the immigration system. It strikes this Court as disingenuous for him to now complain that it is not moving quickly enough, especially since he has not shown any threat of harm from this delay. Plaintiff does not indicate that Defendants are looking to institute removal proceedings, secure his deportation, or anything of that nature. As Plaintiff's harm appears to be simply that he must continue to wait, he has not demonstrated that this is a case that justifies the grant of a writ of mandamus.

Most importantly, however, the common law writ of mandamus is inappropriate at this juncture, as Plaintiff still has the possibility of relief under the APA if he can demonstrate that

9

the delay at hand was unreasonable.  Given that the APA provides a remedy that is virtually identical to that provided by a writ of mandamus, Plaintiff cannot demonstrate that there is no other adequate remedy available to him.  Additionally, relief under the APA will continue to be available to Plaintiff; even if the delay has not yet been unreasonable, there is nothing to prevent Plaintiff from returning to court if the delay becomes unreasonable in the future.  Because Plaintiff has not persuaded this Court that it is appropriate to exercise the extraordinary relief of granting a writ of mandamus and because Plaintiff has adequate alternative remedies, he does not qualify for mandamus relief at the present time.

Turning to the APA, Plaintiff can receive relief if he has demonstrated that CIS's delay was unreasonable.  Plaintiff, however, has failed to present support for the premise that the delay in this case has been unreasonable.  First, what constitutes a reasonable period of time for the adjudication of an adjustment-of-status application is not defined in any statute, regulation, or case law.  In addition, Plaintiff has not cited any authority that would lead us to believe that a delay such as this is unreasonable.  Although a period of over three years does seem lengthy, Plaintiff has not placed this delay in context by detailing the delay experienced by other applicants.  CIS is an extremely busy federal agency that has many more

applications than just Plaintiff's to resolve.  In this sense, we do not want to allow Plaintiff to use this Court to "simply move [himself] to the front of the queue, at the expense of other similarly situated applicants."  Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 116 (D.D.C. 2005).  Given that Plaintiff has not shown that this delay is unreasonable, he has not met the burden required of him to justify relief under the APA.

**Declaratory Judgment**

It is not clear whether Plaintiff is entitled to the issuance of a declaratory judgment at this time.  This Court has much broader ability to issue declaratory judgments than it does to issue writs of mandamus or to grant relief under the APA.  It is, therefore, at least possible that we could issue a declaratory judgment in this case.  Given this fact, it is necessary to ensure that Defendants have been properly served and have an opportunity to respond to Plaintiff's request.  We, therefore, will not address the merits of Plaintiff's request for a declaratory judgment until proof of service has been entered and Defendants have had an opportunity to respond.

## Conclusion

Based on the foregoing discussion, Plaintiff's request for a writ of mandamus and for relief under the APA is denied.  We will decline to decide the merits of Plaintiff's request for declaratory relief at the present time, and will await proof of

service, and, if necessary, for a Response to Plaintiff's Petition, before we decide whether a declaratory judgment would be appropriate in this case.